UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

NANCY A. IBBOTSON,

Plaintiff,

v.

AURORA LOAN SERVICES; HOMECOMING FINANCIAL NETWORK, INC.; QUALITY LOAN SERVICES CORPORATION; et al.,

Defendants.
______________________________/

NO. CIV. S-10-1857 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the motion of Timothy J. O'Conner ("O'Conner") to withdraw as attorney of record for plaintiff Nancy A. Ibbotson ("plaintiff"). Counsel brings this motion on the ground that plaintiff terminated his services on June 24, 2010 by written notice. (O'Conner Decl., filed July 23, 2010.) Counsel has not, however, been able to obtain plaintiff's consent to the withdrawal via a signed substitution of counsel. Neither plaintiff nor defendants filed an opposition to the

motion.[1]

Local Rule 182(d) provides that attorneys may not withdraw from an action in which they have appeared without leave of the court upon noticed Motion. The Local Rule incorporates the requirements for withdrawal and the Rules of Professional Conduct of the State Bar of California. The Rules of Professional Conduct of the State Bar of California provide in pertinent part:

> A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules.

California Rules of Professional Conduct, Rule 3-700(A)(2).

Pursuant to California Rules of Professional Conduct, Rule 3-700(C), withdrawal is permitted in certain specified circumstances. Counsel represents that plaintiff no longer wishes to be represented by him, and he further explains that he has been unable to communicate with plaintiff in order to facilitate a substitution of new counsel. Withdrawal is accordingly warranted under Rule 3-700(C)(5) and 3-700(C)(1)(d), as the client "knowingly and freely assents to termination" of the relationship and/or the client's conduct has rendered it "unreasonably difficult" for the attorney to carry out the employment effective.

Counsel has complied with the statutory requirements by notifying plaintiff of the pending motion. (O'Conner Decl.)

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

Further, this case is in its preliminary stages (no scheduling order is in place and only one defendant, Aurora Loan Services, LLC, has filed a motion to dismiss under Rule 12(b)(6)), and thus, there is no prejudice to plaintiff as a result of the grant of counsel's motion.

Accordingly, based upon the materials submitted by counsel, the motion to withdraw as attorney of record is GRANTED. In withdrawing, counsel shall comply with the requirements of California Rules of Professional Conduct, Rule 3-700(D).

As plaintiff now appears in this action *pro per*, pursuant to Local Rule 302(c)(21), this case is hereby referred to the assigned Magistrate Judge, Kimberly J. Mueller, for case management and recommendation(s) to the District Court Judge. The parties are to contact Matt Caspar at 916-930-4187 with regard to further case management. The Clerk of the Court is directed to add plaintiff to the service list as follows: Nancy A. Ibbotson, 10015 Cristo Drive, Sacramento, CA 95829.

The hearing on defendant's motion to dismiss (Docket #5) currently set for September 10, 2010 before the undersigned is HEREBY VACATED. Defendant shall re-notice its motion before Magistrate Judge Mueller.

IT IS SO ORDERED.

DATED: August 24, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE